**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
Greenbelt Division

| | |
|---|---|
| IN RE: | |
| **CHARLES EDWARD SELLS** | Case No. **15-18248-JS** |
| | Chapter 13 |
| *Pro Se Debtor* | |

**MOTION TO DISMISS AND**
**NOTICE OF AN OPPORTUNITY FOR A HEARING**

Nancy Spencer Grigsby, Chapter 13 Trustee in this case, moves this court to dismiss this bankruptcy case pursuant to 11 U.S.C. section 521 (a) (1) (B) (iv) for failure to provide 60 days of income documents, section 521 (e) (2) (A) for failure to provide a copy of the Federal and State tax returns, or a transcript of such returns, for the most recent tax year ending immediately before the commencement of the case, 11 U.S.C. section 1307 (c) (1) for unreasonable delay which is prejudicial to creditors, 11 U.S.C. section 1326 (a) (1) for failure to commence making chapter 13 plan payments, and for failure to appear at the first meeting of creditors pursuant to 11 U.S.C. section 341, without excuse, and for reasons states:

1. That the Debtor filed this chapter 13 case on or about June 10, 2015 under the requirements of the Bankruptcy Abuse Protection and Consumer Protection Act of 2005.

2. That the Debtor was required, under 11 U.S.C. section 521 (a) (1) (B) (iv) to provide the Trustee with copies of all income documents or other evidence of payment received within 60 days before the date of filing of the petition, and section 521 (e) (2) (a), to provide the Trustee with a copy of the Federal and State tax returns or a transcript of such returns, for the most recent tax year ending immediately before the commencement of the case, or 2014, no later than seven (7) days before the first date set for the first meeting of creditors.

3. That the first date set for the meeting of creditors was July 23, 2015. The Debtor failed to appear. The Debtor failed to provide documents pursuant to 11 U.S.C. section 521. No tax returns were provided before or on that date and the first meeting was not conducted. Further, the Trustee's request for income documents pursuant to 11 U.S.C. section 521 (a) (1) (B) (iv) was also not addressed either prior to, at this meeting or as of this date.

4. The Trustee notified the Debtor in a letter and an attached document request list dated June 17, 2015 that they would be required to provide the Trustee with income documents and tax returns no later than 7 days prior to the meeting of creditors. The Debtor has filed a previous Chapter 7 bankruptcy case, #15-11909, which the debtor received a standard discharge. Thus, the Debtor is not a stranger to the bankruptcy process and knows that he have certain responsibilities in order for the case to move forward.

5. That pursuant to 11 U.S.C. section 521 (e) (2) (B), this Honorable Court shall dismiss this case for the reasons set forth above, ". . .unless the debtor demonstrates that the failure to do so is due to circumstances beyond the control of the Debtor." That as of this date, the Trustee has received no explanation for the Debtor's failure to comply with this requirement.

6. That the Debtor has failed to perform the requirements of a chapter 13 debtor as required pursuant to 11 U.S.C. §521 (a) (1) (B) (iv) having failed to provide 60 days of income documents, § 521 (e) (2) (B), having failed to provide the most recent year tax returns, and 11 U.S.C. section 1307 (c) (1) for unreasonable delay which is prejudicial to creditors, having failed to commence making plan payments pursuant to 11 U.S.C. section 1326 (a) (1), and failure to cooperate with the Trustee.

WHEREFORE, for the reasons set forth above, the Trustee moves that the subject case be dismissed and for other relief as this Honorable Court deems just and equitable.

| | |
|---|---|
| Date:   July 29, 2015 | **/s/ Nancy Spencer Grigsby**<br>Chapter 13 Trustee<br>4201 Mitchellville Rd. Ste 401<br>Bowie, MD 20716<br>ngrigsby@ch13md.com |

## NOTICE OF OPPORTUNITY TO REQUEST A HEARING TO THE DEBTOR(S)'S ATTORNEY OF RECORD

You are notified that the Trustee is requesting that the subject case be dismissed pursuant to 11 U.S.C. section 521 (a) (1) (B) (iv), section 521 (e) (2) (A) and section 1307 (c).  You are further notified that unless a responsive pleading is filed with the Court stating facts which controvert, justify or explain the Trustee's allegations is filed and a copy of said pleading is served upon the Trustee on or before August 19, 2015 together with a request for a hearing thereon, this case will be dismissed on such date and the case will be closed.

## CERTIFICATE OF SERVICE

I hereby certify that this motion to dismiss was served this 29th day of July 2015  electronically to those recipients authorized to receive a Notice of Electronic Filing by the Court, and/or by first class mail, postage prepaid to:

Charles Edward Sells
6706 Maxalea Rd.
Baltimore, MD 21239
*Pro Se Debtor*

        **/s/ Nancy Spencer Grigsby**
        Chapter 13 Trustee
        4201 Mitchellville Rd. Ste 401
        Bowie, Maryland 20716